UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **YUSONG GONG,** | ) | **CASE NO. 1:16-CV-2624** |
| | ) | |
| Plaintiff, | ) | **JUDGE PEARSON** |
| | ) | |
| vs. | ) | |
| | ) | |
| **THE CLEVELAND CLINIC** | ) | **DEFENDANTS' ANSWER TO THE** |
| **FOUNDATION, INC.,** *et al.*, | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |

Defendants The Cleveland Clinic Foundation, Inc. ("CCF"), Dr. Timothy Myshrall, and Ms. Miriam Dybiec, for their answer to Plaintiff's Complaint, admit, deny, and state as follows:

## JURISDICTIONAL ALLEGATIONS

1. As to paragraph 1 of the Complaint, Defendants admit only that this Court has subject matter jurisdiction over this action pursuant to the Rehabilitation Act.

2. Defendants deny the allegations in paragraph 2 of the Complaint for lack of sufficient information or knowledge.

3. As to paragraph 3 of the Complaint, Defendants admit that CCF is a not-for-profit corporation headquartered in Cleveland, Ohio, and that CCF employs fifteen or more persons. Defendants deny the remaining allegations in paragraph 3.

4. As to paragraph 4 of the Complaint, Defendants deny that the alleged events occurred, but admit that venue is proper in this Court.

## COUNT I
## AMERICAN[S] WITH DISABILIT[IES]/REHABILITATION ACT

5. As to paragraph 5 of the Complaint, Defendants admit that CCF administers a "program or activity" pursuant to 29 U.S.C. §794, but deny the remaining allegations.

6. Defendants deny the allegations in paragraph 6 of the Complaint for lack of sufficient information or knowledge.

7. As to paragraph 7 of the Complaint, Defendants admit that CCF employed Plaintiff from September 24, 2012 to August 11, 2013, but deny the remaining allegations, including, specifically, the allegation that Defendants terminated Plaintiff unlawfully.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint for lack of sufficient information or knowledge.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. With respect to paragraph 11 of the Complaint, Defendants admit that CCF required Plaintiff to complete a pre-employment health screen. Defendants deny the remaining allegations in paragraph 11.

12. With respect to paragraph 12 of the Complaint, Defendants admit that in her pre-employment health screen, Plaintiff self-disclosed an unspecified prior time period of at least two weeks in which she was unable to work. Defendants deny the remaining allegations in paragraph 12.

13. As to paragraph 13 of the Complaint, Defendants admit that Plaintiff was hired as a senior research technologist, but deny the remaining allegations.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in subparagraphs (A) through (G) of the unnumbered WHEREFORE paragraph that immediately follows paragraph 14 of the Complaint.

## COUNT II
## RETALIATION/REHABILITATION ACT

16. As to paragraph 15 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 14 of the Complaint as if fully rewritten.

17. Defendants deny the allegations in paragraphs 16 through 23 of the Complaint.

18. Defendants deny the allegations contained in subparagraphs (A) through (F) of the unnumbered WHEREFORE paragraph that immediately follows paragraph 23 of the Complaint.

19. Defendants deny each and every Complaint allegation that they have not expressly admitted in this Answer.

## ADDITIONAL DEFENSES

20. The Complaint fails to state a claim upon which relief can be granted.

21. As to Defendant Dybiec, the Complaint is barred by Plaintiff's failure to obtain proper service of process.

22. Some or all of Plaintiff's claims are barred by her failure to satisfy the statutory, jurisdictional, or administrative prerequisites for maintaining such claims.

23. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

24. Plaintiff was not a qualified individual with a disability.

25. To the extent that a reasonable accommodation could not be made, Defendants plead the affirmative defense of undue hardship.

26. To the extent that a reasonable accommodation could not be made, Defendants plead the affirmative defense that such accommodation would be contrary to the seniority rights of others.

27. Plaintiff's claims are barred to the extent that she failed to submit to a medical evaluation.

28. Plaintiff cannot recover damages to the extent that she has failed to mitigate her alleged damages as required by law.

29. All actions regarding Plaintiff's employment were undertaken without malice and for legitimate, non-discriminatory, and non-retaliatory reasons.

30. Some or all of Plaintiff's claims and/or alleged damages may be barred and/or limited by the after-acquired evidence doctrine.

31. Defendants exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided to her or otherwise to avoid harm.

32. Defendants reserve the right to supplement and modify its defenses as needed or as warranted by ongoing investigation and discovery.

WHEREFORE, having fully responded, Defendants request that the Complaint be dismissed, and for such other relief as the Court deems appropriate.

> Respectfully submitted,
>
> /s/ Michael N. Chesney
> Michael N. Chesney (0059826)
> mchesney@frantzward.com
> Ryan T. Smith (0088380)
> rsmith@frantzward.com
> FRANTZ WARD LLP
> 200 Public Square, Suite 3000
> Cleveland, OH  44114
> Telephone:     216-515-1660
> Facsimile:     216-515-1650
> *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Answer to the Complaint was served through operation of the Court's electronic filing system on this 19th day of December, 2016, and a copy was served by first class U.S. Mail, postage prepaid, this 19th day of December, 2016, upon the following:

Yusong Gong
4937 North Ridgeside Circle
Ann Arbor, MI 48105

                                          /s/ Michael N. Chesney
                                          *One of the Attorneys for Defendants*