PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YUSONG GONG, | ) | |
| | ) | CASE NO. 1:16CV2624 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| THE CLEVELAND CLINIC | ) | |
| FOUNDATION, INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 8] |

Pending is Defendants The Cleveland Clinic Foundation, Inc. ("CCF"), Dr. Timothy Myshrall, and Miriam Dybiec's Motion to Dismiss (ECF No. 8) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons set forth below, the Court grants the motion.

**I. Background**

*Pro Se* Plaintiff Yusong Gong was hired by CCF in September 2012 as a senior research technologist. Her employment at CCF was terminated on August 11, 2013 allegedly "in retaliation for [ ] having asserted [her] rights [to an accommodation based on her work restrictions]." Complaint (ECF No. 1) at PageID #: 4, ¶ 23. Plaintiff thereafter contacted the Equal Employment Opportunity Commission ("EEOC"), which had her complete an intake questionnaire (ECF No. 10-1) on May 9, 2014. Thereafter, Plaintiff filed a formal Charge (ECF

(1:16CV2624)

No. 8-1 at PageID #: 63) with the EEOC on July 14, 2014.  She subsequently received a right to sue letter, dated July 29, 2016 (ECF No. 1-1).

On October 26, 2016, Plaintiff filed a Complaint (ECF No. 1) that alleges that she was unlawfully discriminated against by CCF, as well as Individual Defendants Dr. Myshrall and Ms. Dybiec, in violation of two statutes.  The first is Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.* The second is Section 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794.

## II.  Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  It must contain sufficient factual matter, accepted

2

(1:16CV2624)

as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)).

### III. Analysis

**A. Plaintiff's ADA Claims are Time-Barred.**

The filing of a Charge with the EEOC is a prerequisite to any private action under Title I of the ADA, 42 U.S.C. § 12117(a). A Charge must be filed with the EEOC within 300 days of the occurrence of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Plaintiff failed to file an EEOC Charge within 300 days after the alleged discrimination occurred. She filed her Charge on July 14,2014, some 337 days after her August 11,2013 termination, *i.e.*, 37 days too late.

3

(1:16CV2624)

Plaintiff argues that her charge was deemed filed by her May 9, 2014 submission of an EEOC intake questionnaire (ECF No. 10-1). Memorandum in Opposition (ECF No. 10) at PageID #: 68.

As a general matter, an intake questionnaire is not intended to constitute a charge of discrimination. *Zeller v. Canadian Nat'l Ry. Co.*, No. 15-1863, 2016 WL 7414201, at *6 (6th Cir. Dec. 22, 2016). Thus, an untimely EEOC charge is still considered untimely even when preceded by a timely intake questionnaire. *Olynyk v. CRA Occupational Health, Inc.*, No. 3:04CV7249, 2005 WL 1459547, at *4 (N.D. Ohio June 21, 2005) (Carr, C.J.).

An intake questionnaire can constitute a valid charge in only certain limited circumstances. To satisfy this exception, however, the intake form must contain, at a minimum: (1) a "written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of," *see* 29 C.F.R. 1601.12(b); and (2) a request for the EEOC to take action to end the discrimination. *Olynyk*, 2005 WL 1459547, at *4. The burden to produce sufficient evidence meeting this exception is on Plaintiff. *See Mason v. Univ. Primary Care Practices, Inc.*, No. 1:14CV1407, 2015 WL 4637054, at *7 (N.D. Ohio Aug. 3, 2015) (Nugent, J.); *Vaughn v. Wal-Mart*, No. 4:10CV00031, 2010 WL 4608403, at *4 (W.D.Va. Nov. 12, 2010) ("If [a] Plaintiff asserts that his intake questionnaire was a charge, . . . the burden to support that position lies with [him].").

Contrary to her suggestions, Plaintiff has not met her burden to show that her May 9, 2014 intake questionnaire (ECF No. 10-1) – of which she attaches only the first page –

4

(1:16CV2624)

constitutes a charge. This form does not request agency action, nor does it describe the actions forming the alleged discrimination. In addition, although the final question on the first page of this form asks her to provide "the reason for [her] claim of discrimination," Plaintiff produced no response to this question. ECF No. 10-1.

Nor did Plaintiff satisfy the timely charge requirement through her supplemental questionnaire (ECF No. 10-2 at PageID #: 73). Plaintiff did not submit this form until July 17, 2014, well beyond the 300-day limitations period.

Accordingly, Plaintiff has not met her burden of showing that she filed a timely charge. *See* Olynyk, 2005 WL 1459547, at *4; *Aultman v. Lake Park Travel Ctr.*, No. 7:05-cv-00075(HL), 2007 WL 988715, at *3 (M.D. Ga. March 30, 2007) (intake questionnaire completed by telephone not a charge because it did not contain a written statement sufficiently precise to describe the actions complained of). Plaintiff's ADA Claims thus fail as a matter of law.

**B. Plaintiff's Rehabilitation Act Claims are Time-Barred.**

Plaintiff does not dispute that she was required to file this lawsuit within two years of her termination to maintain her Rehabilitation Act claims. Rather, she argues that the statute of limitations should be tolled during the time in which the EEOC was investigating her administrative charge, *i.e.*, before it issued her a right to sue notice. ECF No. 10 at PageID #: 69.

The filing of an EEOC charge, however, is not a prerequisite to suit under the Rehabilitation Act, so Plaintiff could have pursued these claims in court at any time. *See Freed*

5

(1:16CV2624)

*v. Consolidated Rail Corp.*, 201 F.3d 188, 193 (6th Cir. 2000). For this reason, as other courts have recognized, the time the EEOC spent processing and investigating Plaintiff's charge did not toll the statute of limitations on her Rehabilitation Act Claims. *See, e.g.*, *Harris v. O'Malley*, No. WDQ-13-2579, 2015 WL 996557, at *5 (D. Md. March 4, 2015) (granting Rule 12(b)(6) dismissal of Rehabilitation Act claim and holding that the statute of limitations was not tolled by plaintiff's filing of EEOC charge because the filing of the charge was not a prerequisite to a Rehabilitation Act lawsuit). Thus, Plaintiff's Rehabilitation Act Claims also are time-barred and fail as a matter of law.

**C. Plaintiff Cannot State a Claim Against the Individual Defendants.**

Plaintiff alleges for the first time in her memorandum in opposition that Dr. Myshrall "intentionally harmed" her by purportedly assigning her job duties that aggravated her injury. ECF No. 10 at PageID #: 69-70.

Leaving aside Plaintiff's improper attempt to amend the Complaint (ECF No. 1) through her memorandum in opposition, this allegation does not state a viable claim against Dr. Myshrall under either the ADA or the Rehabilitation Act. *See, e.g.*, *Lee v. Michigan Parole Bd.*, 104 Fed.Appx. 490, 493 (6th Cir. 2004) ("Lee may not maintain an action under the ADA or the [Rehabilitation Act] against the individual defendants identified in his complaint because neither the ADA nor the [Rehabilitation Act] impose liability upon individuals."). Moreover, Plaintiff still has not made any allegations – in the Complaint (ECF No. 1) or memorandum in opposition

6

(1:16CV2624)

– to assert claims against Ms. Dybiec. For this additional reason, Plaintiff's claims against Dr. Myshrall and Ms. Dybiec fail as a matter of law.

### IV. Conclusion

For the foregoing reasons, Defendants The Cleveland Clinic Foundation, Inc., Dr. Timothy Myshrall, and Miriam Dybiec's Motion to Dismiss (ECF No. 8) is granted.

IT IS SO ORDERED.

 January 31, 2017   /s/ Benita Y. Pearson  
Date   Benita Y. Pearson  
  United States District Judge