PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| YUSONG GONG, | ) | |
| | ) | CASE NO. 1:16CV2624 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| THE CLEVELAND CLINIC | ) | |
| FOUNDATION, INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 14] |

Pending is *Pro Se* Plaintiff Yusong Gong's Motion for Case [Reinstating] [ECF No. 14], filed over two months after the dismissal of the above-entitled action. The Court has been advised, having reviewed the record, the parties' briefs[1] and the applicable law. For the reasons set forth below, the Court denies the motion as substantively without merit.

## I. Background

Plaintiff was hired by Defendant The Cleveland Clinic Foundation, Inc. ("CCF") in September 2012 as a senior research technologist. Her employment at CCF was terminated on August 11, 2013 allegedly "in retaliation for [ ] having asserted [her] rights [to an accommodation based on her work restrictions]." Complaint (ECF No. 1) at PageID #: 4, ¶ 23. Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC"), which had her complete an intake questionnaire (ECF No. 10-1) on May 9, 2014. Thereafter, Plaintiff filed a

---

[1] Plaintiff did not file a Reply Memorandum in support of the instant motion. *See* Local Rule 7.1(e).

(1:16CV2624)

formal Charge (ECF No. 8-1 at PageID #: 63) with the EEOC on July 14, 2014. She subsequently received a right to sue letter, dated July 29, 2016 (ECF No. 1-1).

On October 26, 2016, Plaintiff filed a Complaint (ECF No. 1) that alleged she was unlawfully discriminated against by CCF, as well as Individual Defendants Dr. Myshrall and Ms. Dybiec, in violation of two statutes. The first is Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq.* The second is Section 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794.

On January 31, 2017, the Court granted Defendants' Motion to Dismiss (ECF No. 8) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Memorandum of Opinion and Order (ECF No. 12). The Court held: (1) Plaintiff's ADA claims were time-barred, ECF No. 12 at PageID #: 112-14; (2) Plaintiff's Rehabilitation Act claims were time-barred and failed as a matter of law, ECF No. 12 at PageID #: 114-15; and, (3) Plaintiff could not state a claim against the Individual Defendants, ECF No. 12 at PageID #: 115-16. Plaintiff did not pursue a direct appeal to the United States Court of Appeals for the Sixth Circuit.

**II. Analysis**

The instant motion does not specify the Rule by which Plaintiff seeks relief. It also addresses only the dismissal of Plaintiff's ADA claims as time-barred. Plaintiff does not mention the dismissal of her Rehabilitation Act claims or the Court's prior holding that she cannot state a claim against the Individual Defendants. The motion sets forth three (3) arguments. First, a letter dated March 15, 2017 from "Connie Davis for Cheryl J. Mabry,

2

(1:16CV2624)

Director Cleveland Field Office" for the EEOC (ECF No. 14-1) apparently is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Second, Plaintiff makes unspecified and unsubstantiated allegations of misrepresentation on the part of Defense counsel and the Court. Third, the motion makes a passing reference to the EEOC's refusal to continue investigating her charge. The latter two arguments are lacking in merit. The Court will now address the first argument.

Plaintiff previously argued that her charge was deemed filed by her May 9, 2014 submission of an EEOC intake questionnaire (ECF No. 10-1). Memorandum in Opposition (ECF No. 10) at PageID #: 68. The March 2017 letter from Connie Davis at the EEOC states, in pertinent part:

> your charge was timely filed with the EEOC. You filed your charge on May 9, 2014, with a date of violation of August 11, 2013 (the date you were discharged) which is within 300 days of the statute of limitations for filing a charge.

ECF No. 14-1.[2]

---

[2] The letter contains no "admissible and credible evidence" concerning the timeliness of Plaintiff's charge. *See Wilson v. Upjohn Co.*, 808 F. Supp. 1321, 1323 (S.D. Ohio 1992). Rather, it merely contains an individual's unauthenticated hearsay expression of a legally conclusory opinion that the agency had no statutory obligation to provide. *Compare Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157-58 (5th Cir. 1972) (holding that an EEOC report and determination was admissible under the business records exception where it "was prepared by an investigator for the EEOC, *pursuant to its statutory mandate*") (emphasis added); *In re Freightway Corp.*, 170 B.R. 108, 110 (Bankr. N.D. Ohio 1994) (agency's unauthenticated findings do not represent admissible evidence which the Court can consider in deciding a Rule 60 motion).

3

(1:16CV2624)

Fed. R. Civ. P. 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Generally, when a party files a "motion to reconsider" a final order or judgment within 28 days of its entry, the motion is to be construed as a motion to alter or amend judgment pursuant to Rule 59(e). *See, e.g.*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). As in the case at bar, when the party does not file the motion for reconsideration within the 28-day period authorized for filing a Rule 59(e) motion, "it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

Here, the instant motion was filed over two months after the dismissal of the above-entitled action — well beyond the 28-day period authorized for filing a Rule 59(e) motion. Pursuant to Fed. R. Civ. P. 6(b)(2), a court "must not extend the time to act" under Rule 59(e). Accordingly, the Court must construe the motion as a Rule 60(b) motion for relief from a judgment or order. *See* *Cook v. United States*, 246 Fed.Appx. 990, 995 (6th Cir. 2007).

"Newly discovered evidence" for motions under Fed. R. Civ. P. 59 or 60(b)(2) must relate to evidence that existed at the time final judgment was entered. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 136 (6th Cir. 1990). Plaintiff asks the Court to reconsider the decision set forth in its January 31, 2017 Memorandum of Opinion and Order (ECF No. 12). However, the newly discovered evidence — the letter, dated March 15, 2017, from "Connie Davis for Cheryl J. Mabry, Director Cleveland Field Office" for the EEOC (ECF No. 14-1) — does not relate to evidence that existed at the time of that order. Rather, it relates to evidence that came into existence six weeks later. *See* *Satyam Computer Servs., Ltd. v. Venture Global Eng'g, LLC,*

4

(1:16CV2624)

323 Fed.Appx. 421, 428 (6th Cir. 2009) (finding a Rule 60(b)(2) motion failed as matter of law because letters relied upon did not exist at time of trial and, therefore, were not "newly discovered evidence"); *McFall v. Patton*, No. 99-5709, 2000 WL 1721043, at *2 (6th Cir. Nov. 8, 2000) ("The alleged evidence was evidence that came into existence after judgment was entered and this does not qualify as 'newly discovered evidence' under Rule 60(b)(2)."). Moreover, to overcome the extremely difficult burden before the Court can grant relief under Rule 60(b)(2), the newly discovered "evidence must be admissible and credible, and must be of such a material and controlling nature as will probably change the outcome, not merely cumulative or tending to impeach or contradict a witness." *Wilson*, 808 F. Supp. at 1323 (internal quotation marks and citation omitted). Therefore, the motion under Rule 60(b)(2) fails as a matter of law to the extent it relies upon the March 2017 letter from Connie Davis at the EEOC because this "newly discovered evidence" did not exist at the time final judgment was entered.

The filing of a Charge with the EEOC is a prerequisite to any private action under Title I of the ADA, 42 U.S.C. § 12117(a). A Charge must be filed with the EEOC within 300 days of the occurrence of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The Court previously found Plaintiff failed to file an EEOC Charge within 300 days after the alleged discrimination occurred. She filed her Charge on July 14, 2014, some 337 days after her August 11, 2013 termination, *i.e.*, 37 days too late. ECF No. 12 at PageID #: 112.

As a general matter, an intake questionnaire is not intended to constitute a charge of discrimination. *Zeller v. Canadian Nat'l Ry. Co.*, 666 Fed.Appx. 517, 525 (6th Cir. 2016).

5

(1:16CV2624)

Thus, an untimely EEOC charge is still considered untimely even when preceded by a timely intake questionnaire. *Olynyk v. CRA Occupational Health, Inc.*, No. 3:04CV7249, 2005 WL 1459547, at *4 (N.D. Ohio June 21, 2005) (Carr, C.J.).

An intake questionnaire can constitute a valid charge in only certain limited circumstances. To satisfy this exception, however, the intake form must contain, at a minimum: (1) "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of," *see* 29 C.F.R. 1601.12(b); and (2) a request for the EEOC to take action to end the discrimination. *Olynk*, 2005 WL 1459547, at *4. The burden to produce sufficient evidence meeting this exception is on Plaintiff. *See Mason v. Univ. Primary Care Practices, Inc.*, No. 1:14CV1407, 2015 WL 4637054, at *7 (N.D. Ohio Aug. 3, 2015) (Nugent, J.); *Vaughn v. Wal-Mart*, No. 4:10CV00031, 2010 WL 4608403, at *4 (W.D.Va. Nov. 12, 2010) ("If [a] Plaintiff asserts that his intake questionnaire was a charge, . . . the burden to support that position lies with [him].").

Taking into consideration the March 2017 letter from Connie Davis at the EEOC, Plaintiff still has not met her burden to show that her May 9, 2014 intake questionnaire (ECF No. 10-1) of which she previously attached only the first page constitutes a charge. This form does not request agency action, nor does it describe the actions forming the alleged discrimination. In addition, although the final question on the first page of this form asks her to provide "the reason (basis) for [her] claim of discrimination," Plaintiff produced no response to this question. ECF No. 10-1.

6

(1:16CV2624)

Nor did Plaintiff satisfy the timely charge requirement through her supplemental questionnaire (ECF No. 10-2 at PageID #: 73). Plaintiff did not submit this form until July 17, 2014, well beyond the 300-day limitations period.

Accordingly, Plaintiff has still not met her burden of showing that she filed a timely charge. *See Olynyk*, 2005 WL 1459547, at *4; *Aultman v. Lake Park Travel Ctr.*, No. 7:05-cv-00075(HL), 2007 WL 988715, at *3 (M.D. Ga. March 30, 2007) (intake questionnaire completed by telephone not a charge because it did not contain a written statement sufficiently precise to describe the actions complained of). Plaintiff's ADA claims thus fail as a matter of law.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Case [Reinstating] [ECF No. 14] is denied.


IT IS SO ORDERED.


 February 9, 2018                          */s/ Benita Y. Pearson*
Date                                       Benita Y. Pearson
                                           United States District Judge